



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

January 9, 2008

**HAND DELIVERY**
Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

Re: Darryl Williams v. City of New York, et al.
07 CV 11055 (RJS)(~~RLE~~)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney recently assigned to represent defendant City of New York ("City") in the above-referenced matter. I write to respectfully request an enlargement of time from Wednesday, January 2, 2008 until Monday, March 3, 2008, for the City to answer or otherwise respond to the complaint. We apologize for the lateness of this request. Plaintiff's counsel unconditionally consents to an enlargement of thirty (30) days, until Friday, February 1, 2008. However, plaintiff's counsel will only consent to an enlargement of sixty (60) days, as requested herein, upon the condition that the City agrees to commence discovery immediately.[1]

      In the complaint, plaintiff alleges, *inter alia*, that on December 8, 2006 he was subjected to an unconstitutional, excessive use of force by correction officers of the New York

---

[1] Having received this case today by way of transfer from another assistant corporation counsel who is out of the office indefinitely for emergency medical reasons, the undersigned is not currently prepared to engage in discovery at this time and does not wish to compromise the City's best interests. In addition, this office has not yet been able to obtain sufficient information on this matter to have any meaningful discussion regarding discovery. For these reasons, and for the other reasons stated herein, the City respectfully requests an enlargement of sixty (60) days to respond to the complaint.

City Department of Correction ("DOC") while in DOC custody on Rikers Island. According to the complaint, plaintiff was allegedly beaten after disobeying a correction officer's instruction to leave the cafeteria of the Otis Bantum Correctional Center ("OBCC") and to return to his dormitory.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Also, the complaint does not indicate if this incident resulted in criminal charges against plaintiff or whether plaintiff was already a pre-trial detainee awaiting the disposition of criminal charges. Thus, several DOC records may be sealed. Accordingly, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, the official records concerning the inmate's arrest, including many of DOC's records, may be sealed upon a favorable determination or while the criminal matter is pending. If the records are sealed, we will not be able to obtain them from DOC or any other source without the 160.50 designation. Without the medical records and DOC records, the City cannot properly assess this case or respond to the complaint.

Second, the City appears to have been served with process. However, it is unknown at this time whether the individual defendants have been properly served. The extension should allow time for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent all or some of the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to March 3, 2008.

Thank you for your consideration of this request.

No further extensions will be granted.

SO ORDERED
Dated: _____
RICHARD J. SULLIVAN
U.S.D.J.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc:   Eric Hecker, Esq. (by facsimile)