UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DARRYL WILLIAMS,

                            Plaintiff,

            -against-

CITY OF NEW YORK; COMMISSIONER MARTIN F.
HORN; CHIEF OF DEPARTMENT CAROLYN
THOMAS; DEPUTY COMMISSIONER RICHARD R.
WHITE; OFFICER STEVEN SARNO, SHIELD NO.
16084; OFFICER VERNAL ELCOCK, SHIELD NO.
14207; OFFICER MONIQUE SHEPPARD, SHIELD NO.
9215; and JOHN DOES 1-10,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 11055 (RJS)(RLE)

<u>Jury Trial Demanded</u>

        Defendants City of New York, Martin F. Horn, Carolyn Thomas, Richard R. White, Steven Sarno, Vernal Elcock and Monique Sheppard, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint.

        6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff was incarcerated at Otis Bantum Correctional Center on Rikers Island on December 8, 2006.

7. Deny the allegations set forth in paragraph "7" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Martin Horn is employed by the City of New York and is the Commissioner of the New York City Department of Correction and that plaintiff purports to proceed as stated therein.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Carolyn Thomas is employed by the City of New York and holds the rank of Chief of Department of the New York City Department of Correction and that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Richard White is employed by the City of New York and holds the rank of Deputy Commissioner of the New York City Department of Correction and that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Steven Sarno is employed as a correction officer by the City of New York.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Vernal Elcock is employed as a correction officer by the City of New York.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Monique Sheppard is employed as a correction officer by the City of New York.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to demand a trial by jury as stated therein.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff was incarcerated in a mental observation unit at OBCC on December 8, 2006.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Sarno and Elcock escorted plaintiff out of the mess hall.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff was handcuffed and placed in a cell in the receiving room.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was given medical treatment.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except respectfully refer the Court to Sheppard v. Phoenix for a true and accurate statement of its contents.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except respectfully refer the Court to Ingles v. Toro for a true and accurate statement of its contents.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint except admit that plaintiff filed a complaint on or about December 6, 2007.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to the allegations set forth in paragraph "62" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

73. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

74. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

75. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76. Any injury alleged to have been sustained resulted from plaintiff's own culpable and/or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. The actions of the defendants were justified by reasonable suspicion and probable cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. Venue does not properly lie in this district.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

84. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
                March 3, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                        City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0971

                                By:  _____
                                    Karl J. Ashanti (KA 4547)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:

       Eric Hecker, Esq. (BY ECF AND MAIL)
       Emery Celli Brinckerhoff & Abady, LLP
       *Attorney for Plaintiff*
       545 Madison Avenue, 3rd Floor
       New York, New York 10022
       (212) 763-5000

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **March 3, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Eric Hecker, Esq.
> Emery Celli Brinckerhoff & Abady, LLP
> Attorney for Plaintiff
> 545 Madison Avenue, 3rd Floor
> New York, New York 10022

Dated: New York, New York
       March 3, 2008

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 07 CV 11055 (RJS)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| DARRYL WILLIAMS,<br><br>                                                  Plaintiff,<br><br>                         -against-<br><br>CITY OF NEW YORK; COMMISSIONER MARTIN F. HORN; CHIEF OF DEPARTMENT CAROLYN THOMAS; DEPUTY COMMISSIONER RICHARD R. WHITE; OFFICER STEVEN SARNO, SHIELD NO. 16084; OFFICER VERNAL ELCOCK, SHIELD NO. 14207; OFFICER MONIQUE SHEPPARD, SHIELD NO. 9215; and JOHN DOES 1-10,<br><br>                                              Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Karl J. Ashanti*<br>*Tel: (212) 227-0414*<br>*NYCLIS No. 2007-040572* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................................, 200......*<br><br>*................................................................ Esq.*<br><br>*Attorney for................................................................* |